1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CONCORDE CONSULTING GROUP, INC. *et al.*, | ) ) ) | Civil No. 10cv83-L(JMA) |
| Plaintiffs, | ) ) | **ORDER REMANDING ACTION TO STATE COURT** |
| v. | ) ) | |
| BEAZLEY INSURANCE COMPANY, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

On January 12, 2010 Defendant filed a notice of removal, removing this insurance action from State court. The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Because the court lacks subject matter jurisdiction, the action is **REMANDED** to State court.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

United States for the district and division embracing the place where such action is pending."  28 U.S.C. §1441(a).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380.  "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed '[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'"  *Abrego Abrego*, 443 at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

Defendant removed this action based on diversity jurisdiction under 28 U.S.C. Section 1332(a).  Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $ 75,000, excluding interest and costs.  28 U.S.C. §1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."  *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  Plaintiffs purchased a professional liability insurance policy from Defendant.  When they were sued for negligently performing professional services, they tendered the defense to Defendant, but Defendant denied the tender.  Plaintiffs sued Defendant for breach of contract,

breach of the implied covenant of good faith and fair dealing, and violation of California
Business and Professions Code Section 17200.  All causes of action are alleged under California
law.  Plaintiffs seek damages, punitive damages, restitution, injunctive relief, and attorney's fees.
The complaint does not specify the amount of damages sought.

"Where the complaint does not specify the amount of damages sought, the removing
defendant must prove by a preponderance of the evidence that the amount in controversy
requirement has been met." *Abrego Abrego*, 443 F.3d at 683.  "Under this burden, the defendant
must provide evidence that it is more likely than not that the amount in controversy satisfies the
federal diversity jurisdictional amount requirement." *Sanchez v. Monumental Life Ins. Co.*, 102
F.3d 398, 404 (9th Cir. 1996).

Defendants point to two related complaints pending in State court to argue that the
jurisdictional amount is met in this case.  The court takes judicial notice of the related
complaints.  First, in *Speights v. City of Oceanside et al.*, Mr. Speights filed a complaint for
inverse condemnation against the City of Oceanside ("City") and various City departments and
officials, seeking $12 million in damages.  (Decl. of Thomas H. Prouty, Ex. B.)  Mr. Speights
was developing an apartment project adjacent to a school district property.  He claims that the
City unlawfully demanded, as a condition for the necessary permits and certificate of occupancy,
that he make significant and expensive improvements to the school district's storm water
drainage facilities.  He claims that the City was motivated to delay and escalate the cost of his
project because it wanted to acquire it at a favorable price for low-income housing.  In the end,
Mr. Speights was forced to sell the project at a distressed price.

Second, in *City of Oceanside v. Tait et al.*, the City filed a cross-complaint against five
defendants, including Plaintiffs in this action, for indemnity, apportionment of fault, declaratory
relief, breach of a contractual indemnity provision and negligence.  (Compl. Ex. B.)  The City
did not specify the amount of damages it sought from the cross-defendants.

Third, in the instant action, Plaintiffs sued their insurer for failing to defend them against
the City's cross-complaint.  Plaintiffs base their action on the City's negligence claim.  (*See*
Compl. at 3.)  The City alleged that the cross-defendants, including Plaintiffs, were negligent in

10cv83

performing storm water drainage engineering work for Mr. Speights.  (Compl. Ex. B at 5.)

In support of the amount of controversy, Defendant offers a conclusory statement that, based on the underlying actions, it is apparent that the amount in controversy in this action exceeds $75,000.  (Notice of Removal at 5.)  Defendant offers no evidence, factual allegations or argument about the value of relief sought in this case or, specifically, the cost of defense and indemnity against the negligence claim.  It has therefore not satisfied its burden of showing that it is more likely than not that the jurisdictional amount is met in this case.

The facts and arguments presented in the notice of removal do not meet the burden of establishing removal jurisdiction.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Accordingly, this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED**.

DATED:  February 1, 2010

M. James Lorenz
United States District Court Judge